BELSOME, J.,
dissents with reasons.
|,I respectfully dissent from the majority opinion. The majority finds that the trial court was correct in sustaining the defendant’s exception of insufficiency of service of process and dismissing the instant suit. In the petition for damages, the plaintiff, Mirna Velasquez, named Ralph R. Ches-son M.D. as the defendant. Significantly, she did not name the State of Louisiana or a State agency. As a result, she had no obligation to effect service on the State pursuant to La. R.S. 39:1538[1] or La. R.S. *816 13:5107.[2] Those statutes provide for service upon the head of the department, the Office of Risk Management, and the Attorney General when there is a claim or suit against the State or a State agency.
In addition, the majority finds that the defendant was never personally served, but the record does not support this conclusion. The sheriffs completed return reflects that personal service was made. The return of service is prima facie evidence of proper service. La. C.C.P. art. 1292; Ainsworth v. Ainsworth, 03-1626, p. 6 (La.App.2 4 Cir. 10/22/03), 860 So.2d 104, 110, writ denied, 03-2964 (La.1/9/04), 862 So.2d 995. For purposes of determining whether proper service was made, the officer’s return of citation is given great weight, and the burden rests on the party attacking it to establish otherwise by clear and convincing evidence. Ainsworth, supra. The record is void of any such evidence. Therefore, the defendant did not meet his burden in proving that the sheriffs completed return was invalid or incorrect.
For these reasons, I find that the trial court erred in sustaining the defendant’s exception of insufficiency of service of process and dismissing the suit. Accordingly, I would reverse and reinstitute the proceedings.

. La R.S. 39:1538 requires service upon the head of the department, the Office of Risk Management, and the Attorney General when there is a claim against the State or its agencies for negligent or wrongful acts or omissions of any employee of the agency while *816 acting within the scope of his office or employment.

. La.'R.S. 13:5107 provides that service may be perfected upon the Attorney General or the department head when there is a suit against the State or its agencies.